RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 14 2011

JAMES N. HATTEN, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT**
for the
**NORTHERN DISTRICT OF GEORIGA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 15 2011

JAMES N. HATTEN, CLERK
By: Deputy Clerk

**Donald Foxworth**

Plaintiff.

**Case No.1: 11-CV-2179-CC**

-Vs-

**AMERICAN FAMILY INSURANCE**

Defendant.

## AMENDED COMPLAINT

Plaintiff, Donald Foxworth, hereby sues Defendant, **AMERICAN FAMILY INSURANCE**, and an unknown entity; and is a Wisconsin Corporation

## PRELIMINARY STATEMENT

1. This is an action for damages brought for a violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*;

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages, which exceed $1000.00.

5. Plaintiff, Donald Foxworth, is a natural person and domiciles in the State of Georgia.

6. Defendant, **AMERICAN FAMILY INSURANCE** is a known entity, authorized to do business in Georgia.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9.Plaintiff determined that his consumer credit report had been inquired by entities he did not recognize and without his consent.

10.Plaintiff found after examination of his **Transunion** consumer credit report that the Defendant had inquired the consumer credit report on the occasion listed below:

11 In **December 2010,** Defendant did an inquiry on Plaintiff's credit file, with no permissible purpose.

12 Discovery of violation brought forth herein occurred within the statute of limitations as defined in FCRA, 15U.S.C. § 1681P.

## COUNT I

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT AMERICAN FAMILY INSURANCE

13. Paragraphs 1 through 12 are realleged as though fully set forth herein.

14. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

15.Transunion is a credit-reporting agency within the meaning of the FCRA, 15 U.S.C. § 168a(f).

16.Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

17.The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

18. Such permissible as defined by 15 U.S.C. §1681b are generally, if the consumer makes an application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

19.Plaintiff has never had any business dealings or accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from defendant.

20.At no time did Plaintiff give his consent for Defendant to obtain his consumer credit report from any credit-reporting agency.

21.The actions of the Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and is an egregious violation of Plaintiff's right to privacy.

22.Defendant willfully violated 15 U.S.C.§ 1681b(f) by obtaining Plaintiff's consumer report from Transunion without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for actual or

## COUNT II

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGIIGENT NON-COMPLIANCE BY DEFENDANT AMERICAN FAMILY INSURANCE

23.Paragraphs 1 through 22 are realleged as though fully set forth herein.

29.Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30.Transunion is a credit-reporting agency within the meaning of the FCRA, 15 U.S.C. § 168a(f).

31.Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

32.The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

35. Defendant obtained Plaintiff's credit report negligently from credit-reporting agencies with no permissible purpose under FCRA, 15 U.S.C. § 1681b.

36. Defendant negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report from Transunion without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual or statutory damages of $1,000.00 per violation, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 14, 2011

Respectfully submitted,

By: [signature]

**Donald Foxworth**
3841 kensington road
Decatur, Ga 30032
(404) 984-4030